GARY M. RESTAINO
United States Attorney
District of Arizona
NEIL SINGH
Assistant United States Attorney
Arizona State Bar No. 021327
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
neil.singh@usdoj.gov
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cianci,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>United States Department of Health and Human Services,<br><br>　　　　　Defendant. | No. 4:24-cv-00417-RM<br><br>**UNITED STATES' MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 19) AND FOR BRIEFING SCHEDULE** |

Defendant United States Department of Health and Human Services ("the United States") respectfully requests that this Court strike Plaintiff's Motion for Partial Summary Judgment (Doc. 19), for failure to comply with the Local Rules of Civil Procedure, specifically LRCiv. 56.1(a), and Fed. R. Civ. P. 56(c)(1)(A). In addition, Plaintiff's motion is rendered moot by this Court's subsequent briefing order and, if permitted, will add considerable confusion to the Court's ability to resolve this action.

The United States further requests that no motion for summary judgment be permitted until after the Court has ruled on a request for an *Open America* stay.

### MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff has filed a Motion for Partial Summary Judgment in this civil action. Doc. 19. Absent further orders from this Court, his motion threatens to needlessly clog the

Court's docket with significant, additional briefing by both sides, and multiple rulings by this Court, that would not be necessary should Plaintiff simply comply with his procedural obligations. As such, the United States requests that the subject motion be stricken and Plaintiff be compelled to re-file a compliant motion. Moreover, since any Access Claims will be primarily the subject of FOIA issues, and the United States anticipates filing a request for an Open America stay of all FOIA issues, the United States requests an order that no motion for summary judgment be filed until after the Court has had a chance to rule on the *Open America* issue.

### A. Background.

This civil action is one of two that Plaintiff, an attorney who is acting on his own behalf pro se, has recently filed against the United States. In the first, which the United States settled out of court, Plaintiff alleged a number of legal theories claiming that various government employees at the Office of Medicare Hearings and Appeals ("OMHA")—a component of Health and Human Services—had committed age discrimination against him during his time as a federal employee. *See* Dkt. 33, *Cianci v. Becerra*, No. 22-cv-01568-SMB (D. Ariz. Sept. 19, 2023) (Parties' Joint Case Management Report). In the second, this action, Plaintiff asserts various legal theories based on the Freedom of Information Act ("FOIA") and Privacy Act. Following a Joint Case Management Report filed by the parties (Doc. 17), the Court issued an order that contained a number of specific instructions for both parties (Doc. 19). The Court has recognized that courts handle discovery in FOIA and Privacy Act matters differently than in other civil actions. Doc. 21 at 1-2. It has acknowledged that the United States may move for an *Open America* stay and imposed a deadline for doing so. Doc. 21 at 2. And, acknowledging the particular nature of Privacy Act legal theories, the Court ordered Plaintiff to "file a summary judgment motion addressing the Access Claims" by a certain date. Doc. 21 at 2.

In a Privacy Act action, a plaintiff can assert two types of claims: Accuracy Claims and Access Claims. *Rouse v. U.S. Dept. of State*, 567 F.3d 408, 413-14 (9th Cir. 2009). In an Accuracy Claim, Plaintiff holds the burden of proving that (1) the United States has

either disseminated records or used records to make a determination about Plaintiff, (2) such records lacked accuracy, relevance, timeliness, and completeness as to assure fairness to Plaintiff, (3) the United States made an adverse determination relating to Plaintiff, (4) the United States acted in a manner that was intentional or willful, and (5) Plaintiff can show pecuniary or economic harm caused by the Government's actions. In an Access Claim, Plaintiff must prove that the United States has "refuse[d] to comply with an individual request" for access to solely his records under the Privacy Act. *Id.* (quoting 5 U.S.C. § 552a(g)(1)(B)). *See Sussman v. Marshals Serv.*, 494 F.3d 1106, 1121 (D.C. Cir. 2007) (concluding that Privacy Act gives individuals "access only to their own records, not to all information pertaining to them that happens to be contained in a system of records").

It appears to the United States that this Court was detailed in addressing the procedural and substantive aspects of FOIA and Privacy Act claims, by specifically ordering Plaintiff to file a motion for summary judgment on "the Access Claims." Doc. 21 at 2.

Finally, the United States notes that it provided 496 pages of records to Plaintiff on December 5, 2024. Doc. 16. The United States believes that the total amount of records triggered by both the Privacy Act and FOIA requests will amount to thousands of pages, which will take significant time to process and produce. Disputing any timeliness-of-access issues under either statute will be cumbersome and protracted, given the on-going production schedule and the complexity of Government's task in processing the requests. It is precisely to address this difficulty that courts often grant *Open America* stays. *Fiduccia v. U.S. Dept. of Justice*, 185 F.3d 1035 (9th Cir. 1999).

**B.     Plaintiff's Motion for Partial Summary Judgment (1) makes Accuracy Claims, (2) argues damages claims, (3) is 30 pages long, and (4) fails to include proper citations to Statements of Fact.**

Plaintiff's 30-page motion[1] states in its opening sentence that it is "seeking

---

[1] Of the 30 pages, 22 pages constitute the body of the motion. An additional seven pages attached directly to the body of the motion are an improperly signed "declaration"

- 3 -

correction of records…" Doc. 19 at 1. Plaintiff is, in other words, asserting his Accuracy Claim in the motion. Following ten pages of background narrative in his motion, Plaintiff explicitly makes an Accuracy Claim argument that continues for nine pages. Doc. 19 at 11-18. Plaintiff then asserts damages claims for an additional two pages. Doc. 19 at 18-19.

The motion fails to provide appropriate references to material facts, further supported by exhibits, as contemplated by LRCiv 56.1(a). While Plaintiff has filed what he purports to be a Statement of Facts (Doc. 20), this SOF is merely a narrative summary of Plaintiff's legal arguments broken out into separate paragraphs. To support these numerous narratives, Plaintiff repeatedly cites his own declaration, Defendant's Answer, and various federal regulations. For example, Plaintiff—who, again, is a licensed attorney—declares on page 6:

> The HOD position was supposed to be subordinate to Plaintiff. However, Plaintiff alleges the OMHA had been illegally deviating from the legally mandated organizational structure without proper authority, for several years, by providing the HOD position with authority not prescribed by law and in some instances, contrary to federal law, and which was still occurring in the Phoenix office as a matter of practice. (Complaint, para.11).

Doc. 19 at 6. Plaintiff asserts these broad generalizations about various facts, does not cite to any paragraphs in the Statement of Facts while doing so, and does not cite any exhibits to show those facts either—citing only his own Complaint. This is, in short, not how a motion for summary judgment is structured.

Plaintiff's Statement of Facts is equally noncompliant. At ¶ 12 it states, for example:

> HHS Instruction 752 sets forth guidance and procedures for adverse action and disciplinary action inquiries. It provides that the Office of Inspector General is usually the office of primary responsibility for conducting formal investigations. It further lists types of misconduct. It requires a threshold showing of

---

by Plaintiff composed of single-spaced additional narratives and arguments. Doc. 19. However the page count is considered, Plaintiff is in violation of the 17-page limit. LRCiv 7.2(e)(1).

> misconduct before an investigation is authorized. OMHA policy sets forth management policies and expectations and provides that disputes among managers should be handled informally and in-house. The HHS standards of conduct are published in its regulations. It lists types of misconduct. (HHS Instruction 752; AP-2022-003 and AP-2019-002; 5 C.F.R. Part 735; 45 C.F.R. Part 73).

Doc. 20 at 4. This is not a statement of material fact. Nor is it supported by admissible exhibits.

Two days after this filing, the Court issued its scheduling and briefing order, in which the Court ordered Plaintiff to address "the Access Claims." Doc. 21 at 2. Plaintiff's motion, addressing solely the Accuracy Claims and his damages theories, plainly does not meet the Court's requirement. Plaintiff will therefore have to file a *second* motion for summary judgment, while the United States would have to additionally respond to Plaintiff's first motion for summary judgment.

### C. The Court should strike Plaintiff's motion and order that any future motions for summary judgment comply with LRCiv 56.1.

Since Plaintiff's motion does not contain appropriate references to the Statement of Facts, and nor does the Statement of Facts refer to appropriate and admissible exhibits, the Court should strike it on that ground alone. LRCiv 56.1(a).

However, the Court's intention to address Plaintiff's Privacy Act Access Claim through summary judgment briefing further reinforces the need to strike the motion, since the motion does not address the Access Claim anyway. Plaintiff does not have a cause of action under the Privacy Act unless the Government engages in an intentional and willful *refusal* to provide him access to records. A mere delay in producing them, in other words, does not violate the Privacy Act. *Fisher v. F.B.I.*, 94 F. Supp. 2d 213, 216 (D. Conn. 2000) ("The fact that the records came after some delay is not necessarily tantamount to an improper denial of the records [under the Privacy Act]…"); *see also Jacobs v. Reno*, No. 3:97-CV-2698-D, 1999 WL 155708, at *4 (N.D. Tex. Mar. 11, 1999) (dismissing access claim as moot where plaintiff had received access to records and noting that "§ 552a(d)(1)

imposes no deadline for agency compliance"), *aff'd*, 208 F.3d 1006 (5th Cir. 2000) (unpublished table decision).

Plaintiff's Privacy Act and FOIA requests require substantial processing time to complete. Given the complexity of these tasks, the Court has recognized that the United States needs sufficient time to prepare and draft a detailed declaration documenting this complexity, which would support a stay of briefing on the FOIA issues—which primarily concern timeliness. It appears prudent to first address whether or not such a stay should be granted, prior to filing contested briefs from both sides on whether the Government has even "refused" Plaintiff's Privacy Act requests in the first place. *See* 5 U.S.C. § 552a(g)(1)(B) (providing cause of action only when an agency "refuses to comply with an individual request…").

Finally, it is likely that an order by this Court that the United States respond to the merits of Plaintiff's Motion for Partial Summary Judgment would result in a Rule 56(d) motion by the United States to—again—delay briefing on the current MSJ in order to allow for factual discovery on Plaintiff's claims. See Fed. R. Civ. P. 56(d). Such a motion by the United States, again, will needlessly bog down the Court's ability to efficiently manage this action. For that reason, in addition to granting this motion to strike, the United States respectfully requests that the Court order that no motion for summary judgment may be filed until after the Court has had an opportunity to rule on an Open America stay request.

//

//

## **CONCLUSION**

For the reasons stated, the United States requests an order (1) striking Plaintiff's Motion for Partial Summary Judgment, (2) compelling Plaintiff to comply with all aspects of the Local Rules of Civil Procedure in future motions, and (3) allowing no motions for summary judgment until after resolution of the *Open America* stay request.

Respectfully submitted on January 2, 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/*Neil Singh*
NEIL SINGH
Assistant United States Attorney
*Attorneys for Defendant*