GARY M. RESTAINO
United States Attorney
District of Arizona
NEIL SINGH
Assistant United States Attorney
Arizona State Bar No. 021327
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Email: neil.singh@usdoj.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cianci,<br><br>   Plaintiff,<br><br>   v.<br><br>United States Department of Health and Human Services,<br><br>   Defendant. | No. 4:24-cv-00417-RM<br><br>**REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

  A motion for summary judgment should comply with the basic requirements of referencing individual material assertions of undisputed fact. The United States will additionally need to file a Rule 56(d) motion here rather than responding on the merits to the MPSJ. In a FOIA and Privacy Act action with its unique procedural difficulties, this docket will quickly become cluttered should the Court not enforce an orderly approach to briefing. The Court should therefore strike Plaintiff's motion at Doc. 19, and await resolution of the United States' motion for an *Open America* stay before permitting summary judgment briefing.

  This reply is supported by the following Memorandum of Points and Authorities, and this Court's record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff makes at least four separate arguments in his response opposing the United States' motion to strike. Doc. 24. First, he argues that the Court should entertain not only his existing MSJ but also permit him to file a second MSJ. Doc. 24 at 3. Second, he argues that his first MSJ is appropriate because "the foundation of the agency's investigation was based upon false pretenses," a reference to the underlying merits of his disputes with the Government. Doc. 24 at 4. Third, he argues that his 30-page motion is actually a 21-page motion, and even though this still violates the 17-page limit, the violation should be permitted. Doc. 24 at 4. Finally, Plaintiff believes that his existing MSJ does not violate the requirement of discrete references to specific and material facts. Doc. 24 at 4-5.

The remainder of his response brief is an attempt to wade into the merits of Plaintiff's original dispute with the Department of Health and Human Services, arising out of his opinions about parking spaces at the Phoenix federal courthouse. Doc. 24 at 5-8; *see, e.g.*, Doc. 24 at 6 (referring to "senior leadership's decision to terminate paid parking privileges at the Phoenix Field Office…"). Plaintiff has not responded to the point that his purported declaration is improperly signed.

The United States respectfully submits that these arguments illustrate the point: The briefing and case management in this action will snowball into a confusing state involving several pending motions, to which discovery issues will be added, without strict adherence to the procedural and local rules of the Court. Plaintiff's FOIA claims are about to be subjected to an *Open America* motion as already anticipated by the Court (Doc. 21), which would stay briefing on FOIA matters for the time being. The Court has already ordered Plaintiff to file an MSJ on his Privacy Act Access Claim alone. Doc. 21 at 2. Yet Plaintiff has now filed an MSJ on his Privacy Act Accuracy Claim, to which he additionally and absurdly believes that no trial is even warranted to prove his damages. Doc. 19 at 18-19. This same MSJ argues, as Plaintiff himself puts it, that the Government investigated him related to parking space disputes "based upon false pretenses"—a loaded accusation that plainly cannot be subject to resolution through summary judgment, at least not without the

opportunity for discovery. Doc. 24 at 4.

Adding a second MSJ into the mix, on top of which Plaintiff will presumably oppose an *Open America* stay and then file a potential third MSJ, does not promote judicial efficiency. This is particularly true when Plaintiff's first MSJ does not comply with the basic format and standards for summary judgment motions in the District of Arizona—a problem that if not corrected now will compound itself with Plaintiff's additional MSJs. Nor has Plaintiff proven any justification for exceeding the page limits. Lawyers in this district routinely handle far more complex matters than this one while nonetheless remaining within the 17-page limit. Moreover, Plaintiff's "declaration" submitted in support of his MSJ, in addition to being a procedurally incorrect manner of supporting an MSJ, is unsigned in violation of 28 U.S.C. § 1746. *See Blount v. Stanley Engineering Fastening*, 55 F.4th 504, 515 (6th Cir. 2022) (affirming exclusion of an affidavit from summary judgment briefs because it was both unsworn and filed using an electronic signature).

A lawyer filing a motion for summary judgment is required, in the District of Arizona, to file a contemporaneous Separate Statement of Facts. LRCiv 56.1(a). This SOF must "[set] forth each material *fact* on which the party relies in support of the motion." *Id.* "The separate statement should include only those facts" that are relevant to the motion. Further, each material fact within the SOF "must be set forth in a separately numbered paragraph…" *Id.* That numbered paragraph must then "refer to a specific admissible portion of the record." *Id.* It appears clear from reading Plaintiff's MSJ that he did not review Local Rule 56.1 and has made no effort to comply with it in his motion. For this and the other reasons stated by the United States, the Court should grant the motion to strike and the other relief sought in that motion.

Respectfully submitted on January 10, 2025.

          GARY M. RESTAINO
          United States Attorney
          District of Arizona

          s/*Neil Singh*
          NEIL SINGH
          Assistant United States Attorney
          *Attorneys for Defendant*